1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    EDMUND OSCAR WALKER,                No. CIV S-07-0803-RRB-CMK-P

12              Petitioner,

13         vs.                            FINDINGS AND RECOMMENDATIONS

14    M.C. KRAMER,

15              Respondent.

16    _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to

19    dismiss (Doc. 10), filed on July 11, 2007.  Also pending is petitioner's motion for an evidentiary

20    hearing (Doc. 11), filed on July 31, 2007.

21              In his motion to dismiss, respondent argues that the sole parole challenge claim

22    raised in the instant petition is not exhausted.  Specifically, he argues that petitioner failed to

23    fairly present his claim to the California Supreme Court.  Under 28 U.S.C. § 2254(b), the

24    exhaustion of available state remedies is required before the federal court can grant a claim

25    presented in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v.

26    Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  "A

                                            1

1   petitioner may satisfy the exhaustion requirement in two ways:  (1) by providing the highest state

2   court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time

3   the petitioner filed the habeas petition in federal court no state remedies are available to the

4   petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v.

5   Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  The exhaustion doctrine is based

6   on a policy of federal and state comity, designed to give state courts the initial opportunity to

7   correct alleged constitutional deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see

8   also Rose, 455 U.S. at 518.

9           Regardless of whether the claim was raised on direct appeal or in post-conviction

10  proceedings, the exhaustion doctrine requires that each claim be fairly presented to the state's

11  highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion doctrine

12  requires only the presentation of each federal claim to the highest state court, the claims must be

13  presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640

14  F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by

15  the state courts on procedural grounds, where other state remedies are still available, does not

16  exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet,

17  640 F.2d at 237-89.[1]

18          In addition to presenting the claim to the state court in a procedurally acceptable

19  manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the

20  state court by including reference to a specific federal constitutional guarantee.  See Gray v.

21  Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th

22  Cir. 2000).  It is not sufficient for the petitioner to argue that the federal nature of the claim is

23  self-evident.  See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d

24

25          [1]     This situation of procedural deficiency is distinguishable from a case presented to
    the state court using proper procedures but where relief on the merits is precluded for some
26  procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former
    represents an exhaustion problem; the latter represents a procedural default problem.

904 (9th Cir. 2001).

In this case, petitioner stated the following "ground" for relief to the California Supreme Court:  "There was no evidence for the reversal of parole by the Governor, in violation of the United States Constitution's 14th Amendment, due process."  Petitioner framed the issue as follows:

> That the Governor presented no evidence to support his determination and failed to consider all relevant and reliable information. The Governor also failed to give petitioner individualized consideration by not considering petitioner's evidence that he was abused as a child."

He then offered 10 typed pages of facts and arguments to the California Supreme Court in support of his claim.  In particular, petitioner argued that the Governor's decision to reverse a parole grant was not supported by "some evidence," as required by due process.  Petitioner argued that continued reliance on unchanging factors to deny parole violated the "some evidence" standard where there is evidence of rehabilitation while in prison.  Petitioner cited the Ninth Circuit case of Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003), in support of his argument.[2]  Petitioner also cited to the United States Supreme Court's decision in Superintendent v. Hill, 472 U.S. 445, 455 (1985), which sets forth the "some evidence" standard.  He further cited to the California Supreme Court's decision in In re Dannenberg, 34 Cal.4th 1061, 1071 (2005), which addresses the standard for parole under California law.

Respondent argues that the claim was not fairly presented to the California Supreme Court due to at least one of three possible procedural deficiencies which could have been cured in state court but was not.  Respondent points to the California Supreme Court's March 21, 2007, denial of petitioner's claim with citations to In re Miller, 17 Cal.2d 734 (1941), In re Swain, 34 Cal.2d 300 (1949), and People v. Duvall, 9 Cal.4th 464 (1995).  Respondent

---

[2]      He also cited the district court's decision to grant habeas relief in a parole challenge case, which was later reversed by the Ninth Circuit in an opinion considering the same issue raised by petitioner.  See Irons v. Carey, ___ F.3d ___, 2007 WL 2027359 (9th Cir. July 14, 2007).

1   concludes that, because these procedural defects could have been cured, but were not, petitioner

2   failed to satisfy the exhaustion requirement.  See Pitchess, 421 U.S. at 488; Sweet, 640 F.2d at

3   237-89.

4         The court will address the California Supreme Court's citation to In re Swain first.

5   The Swain citation indicates that petitioner did not "allege with particularity the facts upon which

6   he would have a final judgment overturned."  34 Cal.2d at 304.  Under California law, a denial of

7   relief under Swain is without prejudice to the filing of a new state court petition which meets the

8   requirements described in the case.  See id.  Because citation to In re Swain as the basis for

9   denying a state habeas petition generally indicates that the petitioner has not alleged with

10  particularity sufficient facts in support of his petition, and is without prejudice to the filing of a

11  subsequent petition meeting the pleading requirements, such denials do not establish the

12  exhaustion of available state remedies.  See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.

13  1986).  However, a Swain denial does not per se establish that the claim is unexhausted if the

14  federal court independently determines that the claim could not have been alleged with any

15  greater particularity.  See id. at 1320.  In this case, the court makes the independent determination

16  that petitioner could not have alleged his claim with any greater particularity.  Therefore, the

17  court does not find the Swain citation to be a valid basis for concluding that petitioner's claim

18  was not fairly presented to the California Supreme Court.

19        The court next addresses the state court's citation to In re Miller.  Under Miller, a

20  state habeas petitioner may not present claims which were raised in a prior petition.  See id. at

21  735.  As to this procedural defect, the California Supreme Court observed that ". . . no change in

22  the facts or the law substantially affecting the rights of the petitioner has been disclosed."  Id.

23  Thus, this defect could have been cured if petitioner were able to present new facts or law.

24  Petitioner did not do so.  For this reason, the Miller citation is a valid basis upon which to

25  conclude that petitioner did not exhaust his claim due to a procedural deficiency which could

26  have, at least in theory, been cured but was not.

4

1       As to the state court's citation to <u>Duvall</u>, that case outlines the various procedural

2   requirements for a state habeas petition.  <u>See</u> 9 Cal.4th at 474.  Among other things, the petition

3   must "include copies of reasonably available documentary evidence supporting the claim,

4   including pertinent portions of the trial transcripts and affidavits or declarations."  <u>Id.</u>  A failure

5   to comply with this requirement is a pleading defect subject to cure by amendment.  Here, the

6   court has reviewed the petition filed in the California Supreme Court and notes that no

7   documentary evidence was attached.  Specifically, petitioner did not attach copies of the original

8   decision granting parole or the Governor's denial.  Nor is there evidence that petitioner ever filed

9   an amended petition in the California Supreme Court attempting to cure this defect.  For this

10  reason, the court also finds that the <u>Duvall</u> citation is a valid basis upon which to conclude that

11  the claim was not exhausted in the California Supreme Court.

12      In his opposition to respondent's motion to dismiss, petitioner addresses the

13  <u>Swain</u> defect, discussed above.  The court agrees with petitioner's assertion that his claim could

14  not have been presented with any more particularity.  Petitioner, however, does not address either

15  the <u>Duvall</u> or <u>Miller</u> deficiencies.  Specifically, petitioner does not allege that he in fact attached

16  documentary evidence to his California Supreme Court petition nor does he allege that his claim

17  had not been presented in a prior state petition.

18      As to petitioner's request for an evidentiary hearing, petitioner's argument, in its

19  entirety, is as follows:

20          Petitioner Edmond Oscar Walker, move upon the United States
        Court for the United States Eastern District Court, requesting this court
21      conduct an evidentiary hearing on the said matter that has not been
        contested by the opposing party/defendants/respondents as was ordered to
22      do so on June 7, 2007.
            The court specifically order the defendants/respondents to file an
23      opposition motion to the writ of habeas corpus petition within 30 days
        from the date of service of the said order filed on petitioner on June 7,
24      2007.
            Therefore the petitioner requests that this court issue an order for
25      evidence hearing to be schedule, and deem the defendants/respondents has
        defaulted the right to filed a response to the established constitutional right
26      denial under the 14th Amendment and all facts should be deem true.

5

It appears that petitioner's request for an evidentiary hearing is based on the conclusion that respondent has defaulted. That is not true. Respondent was directed to file a response to the petition within 30 days of the date of service of the court's June 11, 2007, order. Respondent timely filed the instant motion to dismiss on July 11, 2007. Plaintiff has not otherwise demonstrated that an evidentiary hearing would be required or appropriate in this case.

Based on the foregoing, the undersigned recommends that:

        1.      Respondent's motion to dismiss be granted;

        2.      Petitioner's motion for an evidentiary hearing be denied; and

        3.      The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   August 24, 2007.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE