IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUND OSCAR WALKER,<br><br>          Petitioner,<br><br>    vs.<br><br>M. C. KRAMER,<br><br>          Respondent. | No. 2:07-cv-00803-JKS-CMK<br><br>ORDER |

      Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On August 28, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days. Petitioner has filed objections to the Findings and Recommendations.

      Petitioner's objections, to the extent they address the Findings and Recommendation, are basically that the case law cited by the California Supreme Court should not bar review.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds that, in light of recent controlling decisions of the Ninth Circuit discussed below of which the Magistrate Judge did not have the benefit, the Findings and Recommendations are not supported by the record and proper analysis.

      The Court agrees with the Magistrate Judge that *In re Swain*, 34 Cal.2d 300 (1949), was not an adequate independent state-law ground for denial of the habeas petition by the California Supreme Court. However, the Court disagrees with the Magistrate Judge that *In re Miller*, 17

Cal.2d 734 (1941), was an adequate independent sate-law ground for denial by the California Supreme Court. As the Magistrate Judge correctly noted, when the California Supreme Court denies a habeas petition citing *Miller* it is because the petitioner raises claims that were raised in a prior petition. The record before this Court shows that Petitioner could not have raised the same claims before the California Supreme Court in a prior proceeding. The claim raised in his petition filed with the California Supreme Court arose out of the reversal by the Governor of a decision by the Parole Board to grant Petitioner Parole. As there is no evidence that the Governor had previously reversed a decision to grant parole, it defies logic that he could have presented this claim to the Court earlier. While the issue, *i.e.*, that a denial of parole based solely on the predicate crime for which convicted may have been presented previously, which the Court assumes occurred, there were new facts presented, *i.e.*, the additional time lapse since the crime was committed. Petitioner specifically argued before the California Supreme Court, as he does before this Court, that "Petitioner has reached a point where reversal of parole can no longer be justified by the reliance on the commitment offense and pre-conviction factors," citing *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003). The lapse of additional time was a sufficient "new fact" to satisfy the requirements of *Miller*. Alternatively, Petitioner sufficiently presented the issue to the California Supreme Court to satisfy the exhaustion of state remedies requirement. *See Davis v. Silva*, ___ F.3d ___, 2008 WL 36632 *2–3 (9th Cir. January 2, 2008).

      The citation to *People v. Duvall*, 9 Cal.4th 464 (1995) presents a somewhat different situation. Respondent appended to his motion to dismiss an uncertified copy of the petition filed in the California Supreme Court. As the Magistrate Judge correctly noted, there are no exhibits attached to the petition provided by Respondent. However, on page iii of the Petition there is a "Table of Exhibits" listing six exhibits, including "BPH Grant of Parole" (Exhibit D), "Governor's Reversal of Decision" (Exhibit E), and "Superior Court's Denial" (Exhibit F). In addition, in numerous places throughout the petition filed with the California Supreme Court, Petitioner makes specific references to the exhibits by page number. In the absence of certification that the Petition appended by Respondent to the motion to dismiss is the complete petition filed with the California Supreme Court, this Court is unable to determine whether *Duvall* was an adequate independent state-law ground for denial. If the enumerated exhibits

were in fact appended to the Petition, this Court is at a loss as to what further supporting documentation was needed.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed August 28, 2007, are REJECTED;

2. Respondent's Motion to Dismiss at Docket No. 10 is DENIED, without prejudice;

3. Respondent is ordered to file a response within 45 days of the date of this Order, including therewith a certified copy of the complete petition for habeas relief filed in the California Supreme Court, Case No. S146732;

4. Petitioner's reply or traverse, if any, to be served and filed not later than 30 days after service of Respondent's answer or other response; and

5. Respondent in his answer must, and Petitioner in his traverse should, address the applicability of *Hayward v. Marshall*, ___ F.3d ___, 2008 WL 43716 (9th Cir. January 3, 2008), to this case.

Dated: February 8, 2008.

                                                  s/ James K. Singleton, Jr.
                                                  JAMES K. SINGLETON, JR.
                                                  United States District Judge