1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    EDMUND OSCAR WALKER,                    No. CIV S-07-0803-JKS-CMK-P

12              Petitioner,

13         vs.                                ORDER

14    M.C. KRAMER,

15              Respondent.

16    _____/

17              Petitioner, a state prisoner proceeding with appointed counsel, brings this petition

18    for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole.

19    Pending before the court is petitioner's motion for leave to amend the petition (Doc. 32).

20              In his motion, petitioner states that he seeks leave to amend the petition to include

21    an ex post factor challenge to the denial of parole.  Petitioner states that this claim was first

22    raised in state court in a petition filed in the California Supreme Court on August 8, 2008, which

23    was still pending as of December 1, 2008.  Petitioner argues that, by presenting the claim to the

24    California Supreme Court, he has satisfied the exhaustion requirement and, in any event,

25    exhaustion should be excused under the futility exception because the California Supreme Court

26    has "recently denied this same ex post challenge under essentially identical circumstances . . . ."

                                                1

1    In opposition to petitioner's motion, respondent argues that the exhaustion

2    requirement is not satisfied where the state action is still pending, citing Sherwood v. Tompkins,

3    716 F.2d 632, 634 (9th Cir. 1983).  As to the futility exception, respondent argues that the

4    "continued viability of the futility doctrine . . . is questionable," citing Engle v. Issac, 456 U.S.

5    107, 130 (1982), and Noltie v. Peterson, 9 F.3d 802, 805 (9th Cir. 1993).  Respondent also argues

6    that, regardless of whether petitioner's ex post facto claim is exhausted, it is untimely.

7    Specifically, respondent asserts that the factual predicate of the claim should have been known to

8    petitioner when parole was denied (in this case, by the governor) on December 19, 2005.

9    Respondent concludes that, because the ex post facto claim was not presented until December

10   2008 – more than one year after December 19, 2005 – it is untimely.

11   Addressing the timeliness argument first, the court agrees with petitioner that any

12   amended federal petition raising the ex post factor claim would relate back to the original

13   petition because both concern the underlying denial of parole by the governor.  Respondent does

14   not address this issue in his briefing and the court finds that the claim would be untimely.

15   Turning to exhaustion, under 28 U.S.C. § 2254(b), the exhaustion of available

16   state remedies is required before the federal court can grant a claim presented in a habeas corpus

17   case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th

18   Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  "A petitioner may satisfy the

19   exhaustion requirement in two ways:  (1) by providing the highest state court with an opportunity

20   to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the

21   habeas petition in federal court no state remedies are available to the petitioner and the petitioner

22   has not deliberately by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th

23   Cir. 1982) (citations omitted).  The exhaustion doctrine is based on a policy of federal and state

24   comity, designed to give state courts the initial opportunity to correct alleged constitutional

25   deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

26   / / /

1          In this case, petitioner admits that the ex post facto claim is still pending in the

2     California Supreme Court, but contends that the exhaustion requirement was satisfied by simply

3     filing the state court petition.  The court does not agree.  Because the claim is still pending, the

4     state court has not had the opportunity to rule on the merits and correct the alleged constitutional

5     violation.  For this reason, the policy of comity underlying the exhaustion doctrine has not been

6     satisfied.  In Geene v. Lambert, the Ninth Circuit addressed the exhaustion requirement and

7     stated that the petitioner must invoke "one complete round of the State's established appellate

8     review process." 288 F.3d 1081, 1086 (9th Cir. 2002).  The court added that the state court must

9     be given at least one opportunity to resolve the constitutional issue on the merits.  See id.

10    Therefore, the claim is not exhausted until the merits have been addressed by the state court.

11         This reading of the exhaustion requirement is consistent with other rules relating

12    to exhaustion.  For example, in order to exhaust claims, they must be presented in a posture that

13    is acceptable under state procedural rules.  See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981).

14    Thus, an appeal or petition for post-conviction relief that is denied by the state courts on

15    procedural grounds, where other state remedies are still available, does not exhaust the

16    petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at

17    237-89.  If petitioner's reading of the exhaustion requirement were correct – that simply filing the

18    claim is enough – a claim denied on procedural grounds would always be exhausted even if other

19    remedies are still available.  This is simply not the case.

20         Because petitioner's claim is still pending, it is unexhausted.  The court rejects

21    petitioner's argument that the exhaustion requirement should be excused under the futility

22    doctrine.  The futility doctrine was advanced in Sweet, 640 F.2d at 236 (citing, Fay v. Noia, 372

23    U.S. 391 (1963)), where the Ninth Circuit observed that "[a] number of circuits have held that a

24    petitioner may be excused from exhausting state remedies if the highest state court has recently

25    addressed the issue raised in the petition and resolved it adversely to the petitioner, in the absence

26    of intervening United States Supreme Court decisions on point or any other indication that the

1   state court intends to depart from its prior decisions." Id. (citations omitted).  The Ninth Circuit

2   added:

3           We adopt the futility doctrine because it promotes comity by
            requiring exhaustion where resort to state courts would serve a useful
4           function but excusing compliance where the doctrine would only create an
            unnecessary impediment to the prompt determination of individuals'
5           rights.  However, we find the futility doctrine inapplicable to the petition
            before us.

6
            Id. (concluding that the standard of review was changed by the Supreme
7           Court and the state court had not had an opportunity to consider the
            questionable statute under the new standard for review).

8

9   As respondent notes, the futility doctrine was criticized by the Supreme Court in Engle v. Isaac.

10  There the Court stated:

11          If the defendant perceives a constitutional claim and believes it
            may find favor in the federal courts, he may not bypass the state courts
12          simply because he thinks they will be unsympathetic to the claim.  Even a
            state court that has previously rejected a constitutional argument may
13          decide, upon reflection, that the contention is valid.

14          _____ 456 U.S. at 130.

15  The Ninth Circuit has also questioned the futility doctrine.  In Noltie v. Peterson, the court stated:

16  "Although we have not explicitly overruled Sweet, we have rejected the 'futility doctrine' in at

17  least one post-Engle decision." 9 F.3d at 805 (citing Roberts v. Arave, 847 F.2d 528, 530 (9th

18  Cir. 1988)).

19          Accordingly, IT IS HEREBY ORDERED that petitioner's motion for leave to

20  amend (Doc. 32) is denied without prejudice to renewal following exhaustion of state court

21  remedies.

22   DATED:  December 3, 2008

23                                              _____
                                                CRAIG M. KELLISON
24                                              UNITED STATES MAGISTRATE JUDGE

25

26

                                                4