IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND O. WALKER,<br><br>        Petitioner,<br><br>    vs.<br><br>MICHAEL S. EVANS,[1] Warden, California State Prison, Folsom,<br><br>        Respondent. | No. 2:07-cv-00803-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 41] |

## I.  MOTION PRESENTED

At Docket No. 41 petitioner Edmond O. Walker, a state prisoner appearing through counsel, has renewed his motion for leave to file an amended petition.  Respondent has opposed the motion at Docket No. 42, to which Walker replied at Docket No. 43.

## II.  BACKGROUND

Walker, appearing *pro se*, raised a single ground in his petition: the Governor's action in overturning the decision of the parole authority to grant him parole denied him due process in that it was based solely upon the nature of the underlying conviction.  In his motion to amend the petition, Walker, now represented by appointed counsel, seeks to add as a ground that, since at the time he committed his offense, the Governor had no authority to reverse the decision of the parole board to grant him parole, the subsequent amendment to the California Constitution, California Constitution, Article 4, section 5(b), granting him this authority violated the United States Constitution prohibition on *ex post facto* laws.[2]

---

[1] Michael S. Evans, Warden, Folsom State Prison, is substituted for M.C. Kramer, Warden, Folsom State Prison.  Fed. R. Civ. P. 17(d).

[2] U.S. Const., Art. 1, § 10, cl. 1.

### III.  DISCUSSION

Amendments to petitions for a writ of habeas corpus are governed by Federal Rule of Civil Procedure 15.[3]  Leave to amend should be "freely given when justice so requires."[4]  An exception to this rule is when to permit an amendment would be futile.[5]  The argument that the amendment to the California Constitution granting the Governor final review authority over parole decisions violated the *ex post facto* clause is foreclosed by the decision in *Johnson v. Gomez*,[6] a decision by which this Court is bound.[7]  Even if the Court were to grant leave to file the amended petition, it could not grant Walker relief.  In light of *Johnson*, this Court cannot find that the decision of the California Supreme Court was "objectively unreasonable," "not just incorrect or erroneous."[8]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[9]

### IV.  CONCLUSION AND ORDER

The proposed amended petition does not set forth any grounds upon which this Court could grant relief.  Permitting amendment would be an exercise in futility.  Accordingly,

IT IS ORDERED THAT Petitioner's Renewed Request to Amend Petition at Docket No. 41 is DENIED.

Dated:  January 26, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[3] *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

[4] Fed. R. Civ. P. 15(a).

[5] *Rouse v. United States Dep't of State*, 548 F.3d 871, 882 (9th Cir. 2008).

[6] 92 F.3d 964, 967 (9th Cir. 1996).

[7] *See Miller v. Gammie*, 335 F.3d 889,  899 (9th Cir. 2003) (en banc).

[8] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[9] *Schriro v. Landrigan*, 550 U.S. 465, ___, 127 S. Ct. 1933, 1939 (2007).