IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND OSCAR WALKER,<br><br>             Petitioner,<br><br>     vs.<br><br>MICHAEL S. EVANS, Warden, California State Prison, Folsom,<br><br>             Respondent. | No. 2:07-cv-00803-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 48]<br>and<br>STAYING PROCEEDINGS |

## I.  MOTION PRESENTED

At Docket No. 48 petitioner Edmond Oscar Walker, a state prisoner appearing through counsel, has moved for reconsideration of the order denying leave to file an amended petition entered at Docket No. 45.

## II.  STANDARD

Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case.[1] However, the law of the case doctrine is not a shackle without a key.  If the court enters an interlocutory order without entering a final judgment, *e.g.*, an order granting summary judgment but no final judgment, Federal Rule of Civil Procedure Rule 59 does not apply.[2]  As long as a district court retains jurisdiction over a case, however, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[3]

---

[1] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[2] *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000); *see* Fed. R. Civ. P. 54(b); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ., § 2715 (3d ed.) (on entry of a partial judgment).

[3] *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

That inherent power is not unfettered: "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice."[4]  In this case, there has been no intervening change in controlling authority, nor has any new evidence surfaced.  The sole basis asserted is that the previous disposition was clearly erroneous and would work a manifest injustice.

### III.  BACKGROUND

Walker, appearing *pro se*, raised a single ground in his petition: the Governor's action in overturning the decision of the parole authority to grant him parole denied him due process in that it was based solely upon the nature of the underlying conviction.  In his motion to amend the petition, Walker, represented by appointed counsel, sought to add as a ground that, since at the time he committed his offense, the Governor had no authority to reverse the decision of the parole board to grant him parole, the subsequent amendment to the California Constitution, California Constitution, Article 4, section 5(b), granting him this authority violated the United States Constitution prohibition on *ex post facto* laws.[5]  The Court held that because the *ex post facto* argument was foreclosed by the decision of the Ninth Circuit in *Johnson v. Gomez*,[6] amendment would be futile and denied leave to amend.

### IV.  DISCUSSION

In his motion for reconsideration, Walker argues that this Court should disregard *Johnson*.  To support this argument, Walker quotes the Supreme Court in *Garner v. Jones*:[7]

> When the rule does not by its own terms show a significant risk, [the prisoner] must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule.

---

[4] *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[5] U.S. Const., Art. 1, § 10, cl. 1.

[6] 92 F.3d 964, 967 (9th Cir. 1996).

[7] 529 U.S. 244, 255 (2000).

ORDER [re: Motion at Docket No. 48] and
STAYING PROCEEDINGS
*Walker v. Evans*, 2:07-cv-00803-JKS                    2

Walker argues that when *Johnson* was decided, the *Garner* test was unavailable.  Walker's premise is that he has alleged facts in his petition that, if proven, the practical implementation of the provision that allows the governor to reverse the grant of parole has resulted in longer periods of incarceration than under the prior law, which satisfies the *Garner* test.[8]  As a consequence, he is entitled to relief.  The Court disagrees.

This Court is bound by decisions of the Ninth Circuit.[9]  This Court is, however, not bound to follow the decision of the Ninth Circuit if subsequent higher authority "so undercut[s] the theory or reasoning underlying the prior circuit precedent in such a way that the cases are irreconcilable."[10]  If the later decision is not "clearly irreconcilable" with the earlier decision, the earlier decision remains the law of the circuit.[11]  Thus, the issue is whether *Johnson* is irreconcilable with *Garner*.  The Court is of the opinion that it is not.

*Johnson* relied in substantial part on the Supreme Court decision in *California Department of Corrections v. Morales*.[12]  In *Morales*, in upholding the change in the law that increased the time between parole hearings, the Supreme Court held that "[t]he amendment had no effect on the standards for fixing a prisoner's initial date of 'eligibility' for parole , or for determining his "suitability" for parole and setting his release date. . . . . [it] simply 'alters the method to be followed' in fixing a parole release date under identical substantive standards."[13]  *Johnson*, following *Morales*, held:[14]

---

[8] The Court also notes with some measure of displeasure that counsel did not mention the *Johnson* decision in the motion to amend the petition.  Counsel was fully aware of *Johnson* and that the arguments she makes were previously rejected by this Court.  See *Marquez v. Rawers*, 2008 WL 704298 (E.D. Cal. March 14, 2008), Slip. Op. * 8–9, in which counsel is shown as counsel of record.  Despite her awareness of *Johnson*, it was omitted from the motion.  This violated Federal Rule of Civil Procedure 11(b)(2).

[9] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).

[10] *Id.*, 335 F.3d at 899.

[11] *See Omega S.A. v. Costco Wholesale Corp.*, 541 F.3d 982, 983 (9th Cir. 2008).

[12] 514 U.S. 499 (1995).

[13] 514 U.S. at 507–08.

[14] 92 F.3d at 967 (emphasis added).

ORDER [re: Motion at Docket No. 48] and
STAYING PROCEEDINGS
*Walker v. Evans*, 2:07-cv-00803-JKS                    3

In this case, Johnson is similarly unable to demonstrate that an increase in his punishment actually occurred, because, like the petitioner in *Morales*, he had not been granted parole under the old law. *Morales,* 514 U.S. at ----, 115 S.Ct. at 1600. Under the old law, the BPT's decision would have been subjected to no review. Johnson's case is like *Dobbert* [*v. Florida,* 432 U.S. 282 (1977)] where the petitioner could only speculate whether the jury would have imposed a life sentence had it possessed the final power to decide. *Dobbert,* 432 U.S. at 294 & n. 7, 97 S. Ct. at 2299 & n. 7. Here, because the BPT's parole decision is not final until after the expiration of the thirty-day gubernatorial review period, *it cannot be said with certainty that the BPT would have granted Johnson parole had it possessed the final review authority*.

Johnson argues that, unlike the administrative convenience purpose of the law in *Morales,* the purpose and effect of the law here is to lengthen prison terms by making it more difficult for convicted murderers with indeterminate sentences to be released on parole. However, the law itself is neutral inasmuch as it gives the governor power to either affirm or reverse a BPT's granting or denial of parole. Moreover, the governor must use the same criteria as the BPT. The law, therefore, simply removes final parole decision making authority from the BPT and places it in the hands of the governor. We cannot materially distinguish this change in the law from that at issue in *Mallett v. North Carolina,* 181 U.S. at 590, 21 S. Ct. at 731. In *Mallett,* the Court found no ex post facto violation where the new law allowed for higher court review of intermediate court decisions, even though the petitioner would have been entitled to a final intermediate court decision at the time of his crime. *Id.* at 597, 21 S. Ct. at 733.

In *Garner* the Georgia Parole Board amended its rule changing the frequency of required reconsideration for prisoners serving life sentences from every three years to every eight years. The Eleventh Circuit held that that provision violated the *ex post facto* clause if applied retroactively. The Supreme Court reversed and remanded for further consideration. The Supreme Court not only did not overrule *Morales* in *Garner*, it applied *Morales*.[15] As stated in *Garner*, under *Morales* "[t]he question is whether the amended [California] Rule creates a significant risk of prolonging [Walker's] incarceration."[16] As noted in *Garner*, the amended California law upheld in *Morales* did not modify the statutory punishment imposed for any

---

[15] 529 U.S. at 250 ("The controlling inquiry, we determined [in *Morales*], was whether retroactive application of the change in California law created 'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'").

[16] 529 U.S. at 251.

ORDER [re: Motion at Docket No. 48] and
STAYING PROCEEDINGS
*Walker v. Evans*, 2:07-cv-00803-JKS                4

particular offense or alter the standards for determining an inmate's suitability for parole, nor did it change the basic structure of California parole law.[17]  Walker's argument that the evidence will establish that adding the gubernatorial review tier created a substantial risk that his period of incarceration would be increased says too much.  The very fact that the Governor reversed the grant of parole effectively increased his term of incarceration.  While facially it may appear that the quoted statement from *Garner* compels this Court to disregard Johnson and grant relief, taken in the context of the entire decision and the result, *Garner* does not compel that result.  In remanding, the Supreme Court was concerned with whether the evidence would show that the Georgia parole board followed its rules and exercised its discretion; whether or not it abused its discretion was a separate issue.  Only if it were not following its rules and exercising its discretion would the rule change constitute a violation of the *ex post facto* clause.[18]  Implicit in *Garner* was that if the rule and policy established by the Georgia parole board were followed the change in policy would not violate the *ex post facto* clause.

Given the Ninth Circuit's holding in *Johnson* that "*it cannot be said with certainty that the BPT would have granted Johnson parole had it possessed the final review authority*,"[19] coupled with its reliance on the factors identified in *Morales*, undisturbed by *Garner*, and application of *Mallett*, as well as the tenor of the opinion in *Garner*, this Court cannot say that *Garner* "so undercut[s] the theory or reasoning underlying [*Johnson*] in such a way that the cases are irreconcilable."[20]  Consequently, this Court lacks authority to disregard *Johnson*.  If *Johnson* is to be overruled, it is up to the Ninth Circuit itself or the Supreme Court to do so, not a district court.  This Court, being bound by *Johnson*, has no basis upon which it may reconsider and reverse its prior decision to deny leave to amend.

---

[17] 529 U.S. at 250.

[18] 529 U.S. at 256–57.

[19] 92 F.3d at 967 (emphasis added).

[20] *Miller v. Gammie*, 335 F.3d at 899.

ORDER [re: Motion at Docket No. 48] and
STAYING PROCEEDINGS
*Walker v. Evans*, 2:07-cv-00803-JKS                         5

## V.  *HAYWARD* STAY

At Docket No. 46 this Court issued its Order to Show Cause why this matter should not be stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.  Respondent concurs that this matter should be stayed.  Docket No. 47.  Walker opposes the stay.  Docket No. 49.

This Court is not unmindful of the decision of the California Supreme Court in *In re Lawrence*,[21] which strongly supports Walker's position.  This Court cannot, however, grant relief unless the decision of the state court being reviewed in this case was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[22]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[23]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[24]  Whatever view the California Supreme Court may have construing Federal law, no matter how persuasive, is irrelevant in a federal habeas proceeding.[25]

The law concerning the extent of the reliance by the parole board on the facts of the underlying conviction constitutes a denial of due process is far from "well settled."  Squarely

---

[21] 190 P.3d 535 (Cal. 2008); *see also In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[22] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[23] *Williams*, 529 U.S. at 412.

[24] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[25] The Court also notes that not only was *Lawrence* decided after the final state court decision in this case, but in deciding *Lawrence*, the California Supreme Court was relying upon the California Constitution and statutes.  It does not appear from the opinion or the authorities cited that it was based upon Federal law as determined by the United States Supreme Court.

ORDER [re: Motion at Docket No. 48] and
STAYING PROCEEDINGS
*Walker v. Evans*, 2:07-cv-00803-JKS                6

before the en banc panel in *Hayward* is whether the *dicta* in *Biggs v. Terhune*,[26] "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation," is, or should be, the *federal law* of the circuit.  Whatever the decision reached in *Hayward* may be, by which, as noted above, this Court will be bound; it is not bound by the decision of the California Supreme Court in *Lawrence*.

The Court is also not unmindful of the potential adverse impact that staying this action may have on Walker.  On the other hand, any ruling in his favor by this Court more likely than not would be appealed to the Ninth Circuit, which is itself holding similar cases in abeyance pending the decision in *Hayward*.

## VI.  CONCLUSION AND ORDER

Petitioner's motion for reconsideration does not set forth any grounds upon which this Court could grant relief.  Accordingly,

**IT IS ORDERED THAT** Petitioner's Motion for Reconsideration at Docket No. 48 is **DENIED**.

**IT IS FURTHER ORDERED THAT** this matter is stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

**IT IS FURTHER ORDERED THAT**, should the Petitioner be granted parole, not later than 30 days after the decision of the Board of Parole Hearings becomes effective, Respondent is directed to inform the Court of the action of the Board and the date Petitioner is scheduled to be released on parole.

Dated:  February 10, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[26] 334 F.3d 910, 916–17 (9th Cir. 2003).

ORDER [re: Motion at Docket No. 48] and
STAYING PROCEEDINGS
*Walker v. Evans*, 2:07-cv-00803-JKS    7