IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND OSCAR WALKER,<br><br>　　　　　　　Petitioner,<br><br>　　vs.<br><br>MATTHEW CATE,[1] Secretary, California Department of Corrections and Rehabilitation,<br><br>　　　　　　　Respondent. | No. 2:07-cv-00803-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 52] |

I.  MOTION PRESENTED

Petitioner, Edmond Oscar Walker, at the time a state prisoner appearing *pro se*, filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  At Docket No. 52 Respondent has moved this Court to dismiss the petition.  Walker has opposed the motion, and Respondent has replied.  In his motion, Respondent contends that the grant of parole and the Governor's decision not to review that grant render this matter moot and the petition should be dismissed.  In his opposition to the motion, Walker argues that a live controversy remains because, if he was unconstitutionally denied parole in 2005, he is entitled to relief in the form of a shortened parole

---

[1] Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, is substituted for Michael Evans, Warden, California State Prison, Folsom.  Fed. R. Civ. P. 25(d).

period.  Walker is currently under the supervision of the California Department of Corrections and Rehabilitation in parole status.

## II.  BACKGROUND/PRIOR PROCEEDINGS

In September 1982 Walker was convicted on a guilty plea to second-degree murder and sentenced to an indeterminate prison term of 15 years to life.  Walker does not challenge his conviction and sentence.

In his petition Walker challenges the Governor's reversal of the Board of Parole Hearings ("Board") grant of parole in 2005.  After the pleadings were complete and the issues joined, this Court stayed further proceedings in this action pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.[2]  Respondent was also ordered to inform the Court if Walker were granted parole.  In compliance with this Court's order, Respondent has advised the Court that the Board has found Walker suitable for parole and the Governor has declined to exercise his authority to review that decision.  According to his opposition papers filed on his behalf by counsel,[3] Walker was released from physical custody to parole status on January 11, 2010.

---

[2] Docket No. 50.

[3] Subsequent to filing the petition, counsel was appointed to represent Walker.

### III.  ISSUE PRESENTED

The sole issue before this Court is whether, given the fact that Walker has been released on parole, there is any remaining effective relief that this Court may grant in this case.

### IV.  STANDARD APPLIED

Federal courts lack jurisdiction to consider moot claims.[4]  "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."[5]  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."[6]

### V.  DISCUSSION

Respondent contends that there is no further effective relief that this Court may grant in this case.  Walker contends that the time he was unlawfully incarcerated should be credited against his remaining parole term.  In opposing the motion, Walker contends that if the Governor had not acted unlawfully in reversing the Board's grant of parole in 2005, he would have been released on parole not later than December 15, 2005.[7]  Walker further contends that the judgment called for him to serve a determinate five-year period of parole.  In reply, Respondent reiterates that, since Walker has been released to parole status, Walker has received all the relief to which he would be entitled as a result of a ruling in his favor in this case.

---

[4] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[5] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

[6] *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (quoting *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)).

[7] In his reply Respondent does not contest this contention.  Therefore, for the purposes of ruling on this motion, this Court will accept it as true.

Because Walker's crime was committed prior to January 1, 1983, the maximum time for parole for second-degree murder is five years.[8] Thus, had Walker been released on parole on December 15, 2005, his five-year parole term would expire December 15, 2010, and he would be discharged from parole. As matters now stand, Walker's five-year parole term will not expire until January 11, 2015, 49 months later. Consequently, Walker is correct in arguing that, assuming Walker is correct that the Governor's reversal of the Board's grant of parole in 2005 is constitutionally infirm, he has a continuing injury—an additional 49 months in parole status. Thus, in that respect, Walker may be entitled to additional or further relief.

As Walker correctly points out, should this Court determine that the Governor's action did, in fact, violate Walker's constitutional due process rights, it may grant such relief "as law and justice require."[9] Depending on when a final decision is rendered in this case, this may include ordering Walker's immediate discharge from parole status.[10]

This Court, however, has no basis upon which to reconsider its earlier order staying further proceedings pending the decision of the en banc panel in *Hayward*. Therefore, that order will remain in full force and effect.

---

[8] *See In re Carabes,* 193 Cal. Rptr. 65 (Cal. Ct. App.1983) (stating that prior to enactment of Cal. Pen. Code § 3000.1, Cal. Pen. Code § 3000 established maximum parole period for second-degree murder of five years); *In re Chaudhary,* 90 Cal. Rptr.3d 678 (Cal. Ct. App.2009) (stating that Cal. Pen. Code § 3000.1 applies to crimes committed after January 1, 1983).

[9] 28 U.S.C. § 2243.

[10] *See McQuillon v. Duncan*, 342 F.3d 1012, 1015 (9th Cir. 2003).

## VI.  CONCLUSION AND ORDER

Walker's release on parole has not rendered this matter moot.  Accordingly,

**IT IS THEREFORE ORDERED THAT** Respondent's motion to dismiss at **Docket No. 52** is **DENIED.**

**IT IS FURTHER ORDERED THAT** the Order Staying Proceedings previously entered in this case at Docket No. 50 is to remain in full force and effect.

Dated: April 8, 2010.

                                                    /s/ James K. Singleton, Jr.
                                                  JAMES K. SINGLETON, JR.
                                                  United States District Judge