IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND OSCAR WALKER,<br><br>                        Petitioner,<br><br>      vs.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation,<br><br>                        Respondent. | No. 2:07-cv-00803-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 56] |

       Petitioner Edmund Oscar Walker has filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254, alleging that he is being unlawfully denied release to parole status. On February 10, 2009, this Court entered its Order staying further proceedings pending the issuance of the mandate by the Ninth Circuit in *Hayward v. Marshall*, Case No. 06-55392. At Docket No. 56 Walker has filed a request to lift the stay. The Ninth Circuit having rendered its decision in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), and issued its mandate, the stay expired by its very terms. Consequently, the Request to Lift Stay at Docket No. 56 is moot.

       The decision in *Hayward* significantly impacted the central issue in this case. This Court has determined that supplemental briefing by the parties addressing the impact of *Hayward* on this case is necessary. Accordingly,

       **IT IS ORDERED THAT**:

1.     The motion to lift the stay at Docket No. 56, is **DENIED**, as moot.

2.	On or before **August 9, 2010**, each party must separately serve and file a brief, not exceeding 15 pages in length, setting forth the party's position on the impact of *Hayward* on this case, in particular that "[t]he prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness."[1]

3.	Respondent must specifically identify those characteristics, other than the underlying commitment offense, that support a finding that release of the Petitioner to parole status poses a current threat to public safety, ***and*** point to the specific evidence in the record that supports that determination.

4.	Not later than 14 days after briefs in paragraph 1 are served and filed, each party may serve and file a reply brief, not to exceed 10 pages in length, addressing those matters addressed in the other party's opening brief. *The reply brief may not simply reiterate or restate arguments or issues covered in the party's opening brief.*

	Dated:  July 19, 2010.

					/s/ James K. Singleton, Jr.
					JAMES K. SINGLETON, JR.
					United States District Judge

---

[1] *Hayward*, 603 F.3d at 562.  The parties should also consider the effect of the subsequent decisions of the Ninth Circuit in *Pearson v. Muntz*, 606 F.3d 606 (9th Cir. 2010) (per curiam), and *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010).